*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHIGAN MEDICAL MANAGEMENT LLC,

Plaintiff-Appellee,

v

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

Defendant-Appellant.

UNPUBLISHED
January 24, 2025
10:07 AM

No. 368623
Wayne Circuit Court
LC No. 23-002570-NF

---

Before: FEENEY, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant appeals, by leave granted,[1] the trial court's order denying its motion for summary disposition. We reverse and remand for entry of summary disposition in defendant's favor.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff provided medical care to defendant's insured after he suffered injuries in an automobile accident. The accident occurred in Texas, the insured was a Texas resident at the time, and the insured's automobile policy was a Texas policy issued by defendant with a personal injury protection limit of $50,000. The insured eventually moved to Michigan and received care from plaintiff for his accident-related injuries.

Plaintiff submitted claims for five service dates for the insured's care. Defendant denied three, and approved two. Defendant then paid another medical provider for services provided to the insured, and exhausted the $50,000 coverage provided by the policy. Plaintiff filed suit, alleging defendant failed to pay allowable expenses under the no-fault act, MCL 500.3101 *et seq*.

---

[1] *Mich Med Mgt LLC v United Servs Auto Ass'n*, unpublished order of the Court of Appeals, entered March 29, 2024 (Docket No. 368623).

-1-

Defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and (C)(10) (no genuine issue of material fact). It argued plaintiff was not entitled to PIP benefits under the no-fault act, and thus, because the policy coverage had been exhausted, plaintiff had no viable claim against defendant. In response, plaintiff argued defendant's denials of its claims were unreasonable, and it was entitled to payment because it had submitted its claims before the other claims that defendant paid to exhaust the policy coverage. The trial court denied defendant's motion, believing a question of fact remained as to whether plaintiff had the right of payment before the other providers. Defendant now appeals.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "The distinction between MCR 2.116(C)(8) and (C)(10) is one with an important difference: a claim's legal sufficiency as opposed to a claim's factual sufficiency." *El-Khalil*, 504 Mich at 159. "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil*, 504 Mich at 160.

"A motion under MCR 2.116(C)(10), on the other hand, tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation omitted).

## III. ANALYSIS

Under Michigan's no-fault act:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

> \* \* \*

> (c) The person was not a resident of this state, unless the person owned a motor vehicle that was registered and insured in this state. [MCL 500.3113(c).]

It is undisputed that, at the time of the accident in question, the insured was a resident of Texas and that the policy at issue is a Texas policy. Plaintiff's one-count complaint alleged that, at the time of the accident, "[d]efendant was the No-Fault automobile insurer in the highest order of priority responsible for the payment of personal protection insurance benefits on behalf of [the insured], pursuant to an automobile insurance policy issued by the Defendant and the provisions of the Michigan No-Fault Act[.]" As noted, PIP benefits are not available under the no-fault act where "the person was not a resident of this state, unless the person owned a motor vehicle that

was registered and insured in this state." *Id.* PIP benefits under Michigan's no-fault act were plainly not available to defendant's insured because he was not a resident of Michigan at the time of the accident, nor was the vehicle insured and registered in this state. Therefore, plaintiff's complaint, which alleged only one count for no-fault PIP benefits, was legally insufficient and the trial court should have granted summary disposition under MCR 2.116(C)(8).[2]

We reverse the trial court's order denying defendant's motion for summary disposition, and remand this case for entry of summary disposition in defendant's favor.[3] We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

---

[2] Instead of responding to defendant's no-fault-applicability argument, plaintiff claimed a question of fact remained as to whether the denials were reasonable, and that "even if [the insured] lived in Texas at the time of the subject accident, Defendant was still contractually obligated to pay Plaintiff's claims." This argument was irrelevant, because plaintiff did not properly plead a separate count for breach of contract. See MCR 2.113(B)(3) ("Each statement of a claim for relief founded on a single transaction or occurrence or on separate transactions or occurrences, . . . must be stated in a separately numbered count . . . .").

Even if we were to consider plaintiff as having raised a breach-of-contract claim in its complaint, plaintiff's blanket assertion that defendant breached its contract by failing to pay for plaintiff's services is insufficient to render this claim a proper pleading. See MCR 2.111(B)(1) (requiring a complaint to contain "the specific allegations necessary to reasonably inform the adverse party of the nature of the claims the adverse party is called on to defend[.]"). Indeed, not only did plaintiff fail to plead with specificity what contractual provision defendant allegedly breached and how, it failed to provide the trial court with a complete copy of the policy.

[3] Because summary disposition was warranted under MCR 2.116(C)(8), we need not address whether the trial court erred by denying summary disposition under MCR 2.116(C)(10).